IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NEW HOPE CHURCH OF GOD WALDORF, | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-23-2341 |
| v. | * | |
| BROTHERHOOD MUTUAL INSURANCE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Currently pending is New Hope Church of God Waldorf's ("Plaintiff") Motion to Compel Appraisal and Stay Litigation Pending Appraisal. ECF 8. Plaintiff seeks a court order to compel Brotherhood Mutual Insurance's ("Defendant") participation in an appraisal process laid out in the insurance policy Defendant issued to Plaintiff. *Id.* Defendant filed a response in opposition to the motion, ECF 9, and Plaintiff filed a reply memorandum, ECF 10. No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For reasons stated herein, the motion is DENIED.

Plaintiff is a church in Waldorf, Maryland. Compl. at 1. Its building is covered by a commercial insurance policy issued by Brotherhood Mutual Insurance ("Defendant"). *Id.* at 2. According to the Complaint, a severe storm damaged the property on July 22, 2020. *Id.* Plaintiff submitted an insurance claim to Defendant, and Defendant completed an inspection of the property after a period of delay. *Id.* An estimate for the scope of work on Plaintiff's claim and requests for indemnification were submitted to Defendant, but Defendant rejected these requests "without reasonable explanation." *Id.* The estimate for restoration of Plaintiff's property to its pre-loss condition is greater than $2,000,000.00. *Id.* at 3.

On August 25, 2023, Plaintiff filed the instant civil action against Defendant, alleging breach of contract and failure to settle claims in good faith under Maryland law. ECF 1. Defendant filed its Answer on November 15, 2023, denying liability. ECF 4.

The insurance policy at issue here includes an appraisal provision stating, in part, that "[i]f [the parties] do not agree on the amount of the loss or the actual cash value of covered property, either party may demand that these amounts be determined by appraisal." ECF 8 at 1; ECF 10-1 at 68, 132. Plaintiff now moves to compel Defendant to submit to an appraisal of the amount of loss sustained by the subject property, pursuant to the Maryland Uniform Arbitration Act ("MUAA")[1] and the appraisal provision in the insurance policy. ECF 8.

To determine whether a party can be compelled to participate in an appraisal process, this Court must "apply the terms of the contract itself." *Thompson v. Allstate Prop. & Cas. Ins. Co.*, Civ. No. JMC-22-02379, 2024 WL 3161586, at *2 (D. Md. June 25, 2024) (quoting *Cole v. State Farm Mut. Ins. Co.*, 753 A.2d 533, 537 (Md. 2000)). In Maryland, "appraisal is analogous with arbitration. Consequently, this Court has applied arbitration law to appraisal clauses in insurance policies."[2] *Id.* (citing *Brethren Mut. Ins. Co. v. Filsinger*, 458 A.2d 880, 883 (Md. Ct. Spec. App. 1983); *see also Aetna Cas. & Sur. Co. v. Ins. Comm'r*, 445 A.2d 14, 20 (Md. 1982)). Under the MUAA, "any provision in an insurance contract with a consumer that requires arbitration is void

---

[1] The Court notes that the Federal Arbitration Act ("FAA") "preempts conflicting state law." *Thomas Assocs., Inc. v. Oak Mgmt., Inc.*, Civ. No. WDQ-08-2070, 2008 WL 11363883, at *2 (D. Md. Nov. 6, 2008) (citing *Preston v. Ferrer*, 552 U.S. 346, 352 (2008); *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984)). Neither party contends that provisions of the MUAA that are relevant here are preempted by the FAA.

[2] "[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *PC Const. Co. v. City of Salisbury*, 871 F. Supp. 2d 475, 477 (D. Md. 2012) (quoting *Shaffer v. ACS Gov't Servs., Inc.,* 321 F. Supp. 2d 682, 683–84 (D. Md. 2004)). A motion to compel arbitration may be treated as either a motion to dismiss or a motion for summary judgment, depending on whether, to resolve the motion, "the court must consider documents outside the pleadings." *Id.* A court may consider documents integral to the Complaint without treating the motion to compel arbitration as a motion for summary judgment. *See id.*

and unenforceable." Md. Code, Cts. & Jud. Proc. § 3-206.1(b)(1). However, that rule "does not apply to a [contract] provision that establishes an appraisal process to determine the value of property." *Id.* § 3-206.1(b)(2). Therefore, "ordinarily[,] an insured may compel an insurer to submit to appraisal. The plain language of the appraisal clause, the need to preserve the insured's bargained for benefit, and the legislative policy in favor of enforcement of executory agreements to arbitrate dictate this result." *Thompson*, 2024 WL 3161586, at *3 (quoting *Aetna*, 445 A.2d at 19)).

However, a court order compelling an appraisal may not be appropriate when the parties' dispute centers on whether the insured is entitled to coverage at all, rather than the exact value of loss that the parties agree is covered. *See id.* at *5 (citing *Wausau Ins. Co. v. Herbert Halperin Distrib. Corp.*, 664 F. Supp. 987, 988–89 (D. Md. 1987)). "The majority of courts that have ruled on this issue agree that a coverage dispute is not the proper subject of appraisal." *Id.* (citing cases).

Here, Plaintiff seeks an order compelling an appraisal of "the amount of the loss" pursuant to the insurance policy. Mot. at 3. But the appraisal provision only applies to a covered loss, and there is a significant dispute between the parties as to whether the loss at issue in this case is covered. *See* Answer ¶ 63 ("Defendant asserts that the policy does not provide the coverage alleged by Plaintiff for the facts of the claims."); Opp'n at 2 ("[Defendant] denies that Plaintiff experienced a covered loss at all."). Plaintiff characterizes the parties' dispute as one concerning "the value of covered damage" and argues that an appraisal would aim to resolve "precisely [this] type of dispute" and thereby "streamline the issues" before the Court. Reply at 3, 4. It is apparent, however, that the parties' dispute runs deeper than the value of covered loss and concerns whether the loss is covered at all. *See* Answer ¶ 63; Opp'n at 2. An appraisal would serve no purpose if, as Defendant contends, the loss is not covered.

For the foregoing reasons, it is this   1st   day of August, 2024, ORDERED that Plaintiff's Motion to Compel Appraisal and Stay Litigation Pending Appraisal (ECF 8) is DENIED without prejudice.

_____/S/_____
Matthew J. Maddox
United States District Judge